[No. 11986.  *En Banc.*  July 22, 1915.]

## SIBBIE P. PAYSSE *et al., Plaintiffs,* v. MATTIE T. PAYSSE, *Defendant.*[1]

TRUSTS—CREATION—RESULTING TRUSTS.  Where a wife's one-half interest in community property was devised to her husband for life or until he remarries, the remainder to her sons, upon his remarriage, lands purchased by him with funds derived from the community estate are held in trust for the sons.

TRUSTS—CONVEYANCE BY TRUSTEE—GIFT—RIGHTS OF DONEE. Where an undivided half interest in lands was held in trust for the sons of the title holder, his deed of gift of the lands to his wife entitles her only to his one-half interest, the other half being impressed with the trust; since the wife paid no valuable consideration and there is no element of estoppel in her favor.

Cross-appeals from a judgment of the superior court for King county, Smith, J., entered February 7, 1914, in favor of the plaintiffs, in an action for partition, and to vacate a deed, tried to the court.  Affirmed.

*Tucker & Hyland,* for plaintiffs.

*Reed & Hardman* and *Hughes, McMicken, Dovell & Ramsey,* for defendant.

PARKER, J.—The plaintiffs, Sibbie and Alexis Paysse, seek to be decreed the owners of an undivided five-sixths' interest in a number of lots in the city of Seattle, and a tract of land in King county, as against the claims of the defendant, Mattie T. Paysse, their stepmother.  A trial was had in the superior court, resulting in a decree which, for our present purpose, may be regarded as awarding to the plaintiffs an undivided five-sixths' interest in all of the lots and an undivided one-half interest in the land.  A somewhat different disposition was made of five of the lots, which we think may be disregarded here.  From this disposition of the cause, both the plaintiffs and the defendant have appealed to this court.

[1]Reported in 150 Pac. 622.

The plaintiffs rest their claimed right to the property upon the theory that it is all the community property, or rather the product of the community property, of their deceased mother and father; claiming an undivided one-half interest under the will of their mother devising to them her one-half community interest, and claiming an undivided two-thirds of their father's one-half community interest, by inheritance from him; making in all the undivided five-sixths' interest claimed by them.

The defendant claims to be the absolute owner of the land by virtue of a deed of conveyance to her from her deceased husband, the father of the plaintiffs, upon the theory that the land was, at the time of the conveyance, his separate property, or the community property of himself and the defendant; and claims an undivided interest in the lots upon the theory that they were, at the time of her husband's death, the community property of herself and husband, or were in any event the separate property of her husband, resulting in her interest therein at the time of his death, he dying intestate, being greater than a one-sixth.

Sylvan Paysse came to Seattle about the year 1889, bringing his family, consisting of his wife, Mary Paysse, and their two small boys, these plaintiffs, who are the only children they ever had. During the years following, up until 1903, Sylvan Paysse and his wife accumulated considerable property. We think it plain from the record that in 1903 all of the property he possessed was the community property of himself and wife, Mary Paysse, who died in September, 1903, leaving a nonintervention will devising her interest in the community property, except a small portion thereof specifically devised, as follows:

"All the rest, residue and remainder of my property, whether real, personal or mixed, and wheresoever situated, I give, devise and bequeath to my said husband, Sylvan Paysse, for life only, however, and while he remains unmarried, and upon his death, or in case of his marriage, it is my will that

the title to all of said property so willed to him shall immediately vest in my two sons, Alexis Paysse and S. P. P. Paysse, share and share alike, free and clear from any and all claims of my said husband. It being my intention to give to my said husband the use and profit of said property during his lifetime, unless he should remarry."

Executors were appointed and settlement of the estate provided for in the will as follows:

"I hereby nominate and appoint, as the executors of this my last will and testament my husband, Sylvan Paysse, and my two sons, Alexis Paysse and S. P. P. Paysse, and direct that they execute their trust without the intervention of any court."

Proceedings were had in the superior court for King county so far as was necessary to prove and establish the will, file an inventory, and give notice to and protect the rights of creditors, in pursuance of Rem. & Bal. Code, § 1444 (P. C. 409 § 283). In October, 1904, at the expiration of the year for the presentation of creditors' claims, upon a showing of no claims having been presented, an order was entered distributing the property, substantially in the language of the will, with no specific or even general description of the property passing to Sylvan Paysse and his sons under the residuary clause of the will above quoted. While the plaintiffs were named in the will as executors with their father, they deferred wholly to him the taking of such court proceedings as were necessary, and also the entire management of the property of the estate both before and after the court's order of distribution. At the time of the order of distribution in 1904, the plaintiffs were twenty-four and twenty-eight years old, respectively. It is true they signed the inventory and other court papers with their father, as was necessary from time to time, but they did so by direction of their father, giving no thought or attention to the contents of the papers so signed, except that they were papers pertaining to the estate, because of confidence in their father and

out of deference to his judgment as to what was necessary in that behalf. Neither of the plaintiffs were ever present at the preparation of any of these papers, nor at the consultation of counsel touching the affairs of the estate. The total value of the estate, as shown by the inventory and appraisement so filed, was $3,435.

At the time of the death of Mary Paysse, there was personal property belonging to the community estate of the approximate value of $10,000, which was not included in the inventory and appraisement. About half of this omitted property was in the form of certificates evidencing bank deposits, the existence of which was unknown to the plaintiffs until near the time of the commencement of this action, and about one-half was in the form of a grocery business and stock of goods which the plaintiffs claimed some interest in as partners. For some seven or eight years prior to the death of Mary Paysse, the plaintiffs had assisted in the running of this business. Indeed, it had during those years been built up from quite a small business to one of considerable proportions, largely through the individual efforts of the plaintiffs. There was, however, no written evidence of the plaintiffs having any partnership interest therein, though the manner in which it was conducted does in some degree point to a partnership interest therein by the plaintiffs. This, however, is of but little consequence here, except possibly as excusing, with other circumstances, the neglect of the plaintiffs in their omission of it from the inventory, in so far as such omission may be attributed to their neglect. Plainly their neglect did not cause the omissions of the bank deposits from the inventory, since they had no knowledge thereof. In the fall of 1904, about a year after the death of their mother, their father sold the grocery business and stock of goods, receiving therefor some four or five thousand dollars.

In May, 1905, Sylvan Paysse married Alice Cowan; thus putting an end to his life estate and all his interest in the

one-half of the community property with which his former
wife, Mary Paysse, had died seized, and which she had de-
vised to her sons, the plaintiffs, subject to the defeasible life
estate devised to her husband, Sylvan Paysse, as above
noticed. This marriage was thereafter terminated by a decree
of divorce. Thereafter, in 1908, Sylvan Paysse married the
defendant, Mattie T. Paysse. On November 15, 1912, Sylvan
Paysse conveyed by deed to Mattie T. Paysse the tract of
land here involved, which he had theretofore acquired, as we
have concluded, with funds derived from the community estate
of himself and Mary Paysse, and which funds he held in trust
for himself and his sons, the plaintiffs. This deed of convey-
ance is sought to be set aside by the plaintiffs as being
obtained by fraud and undue influence on the part of the de-
fendant rendering it void, to the end that the plaintiffs may
be decreed the owners by inheritance of two-thirds of their
father's one-half community interest therein by virtue of their
mother's will and the trust resulting from the manner of
acquiring the land by their father.

As we view this controversy, there is little else here involved
than questions of fact. The record of the evidence is very
voluminous. Even the ingenuity of learned counsel has not
been able to abstract it within the space of less than about
two hundred pages of typewriting. We have read it all as
given in the abstract and much of it from the original state-
ment of facts. We do not feel called upon to review the evi-
dence here. To do so would serve no good purpose. It is
sufficient, we think, to state only our conclusions therefrom.

It is contended by counsel for the plaintiffs that the trial
court erred in refusing to set aside the deed for the land given
by Sylvan Paysse to the defendant, Mattie T. Paysse, on
November 15, 1912, upon the ground of fraud and undue in-
fluenced practiced by her in procuring it. We agree with the
conclusion reached by the trial court upon this question, from
which it follows that that conveyance vested in the defendant

as her separate property the undivided one-half interest therein, then possessed by Sylvan Paysse.

It is contended by counsel for the defendant that the trial court· erred in deciding, as it did in effect, that the evidence warrants the conclusion that the land and lots here involved were purchased and paid for by Sylvan Paysse with funds emanating and traceable from the community property of himself and former wife, Mary Paysse, and that such funds were held by him in trust for himself and his sons, the plaintiffs, he being entitled to one-half and the sons entitled to one-half thereof. We agree with the trial court's conclusion upon this question of fact, from which we think the trust follows. We may further observe that it is plain that the defendant received conveyance of the land as a gift from her husband, Sylvan Paysse, without paying any valuable consideration therefor. She therefore received by that conveyance only the interest he then had in the land. There is no element of estoppel which works in her favor to the detriment of the equitable title of the plaintiffs to an undivided half interest in the land, the legal title to which we think was acquired and held in trust by Sylvan Paysse for his sons, the plaintiffs. The law applicable to the facts of this branch of the case is well stated in 3 Pomeroy's Equity Jurisprudence (3d ed.), § 1048, as follows:

"Wherever property, real or personal, which is already impressed with or subject to a trust of any kind, express or by operation of law, is conveyed or transferred by the trustee, not in the course of executing and carrying into effect the terms of an express trust, or devolves from a trustee to a third person, who is a mere volunteer, or who is a purchaser with actual or constructive notice of the trust, then the rule is universal that such heir, devisee, successor, or other voluntary transferee, or such purchaser with notice, acquires and holds the property subject to the same trust which before existed, and becomes himself a trustee for the original beneficiary. Equity impresses the trust upon the property in the hands of the transferee or purchaser, compels him to perform the trust if it be active, and to hold the property subject to

the trust, and renders him liable to all the remedies which may be proper for enforcing the rights of the beneficiary. It is not necessary that such transferee or purchaser should be guilty of postive fraud, or should actually intend a violation of the trust obligation; it is sufficient that he acquires property upon which a trust is in fact impressed, and that he is not a *bona fide* purchaser for a valuable consideration and without notice. This universal rule forms the protection and safeguard of the rights of beneficiaries in all kinds of trust; it enables them to follow trust property—lands, chattels, funds of securities, and even of money—as long as it can be identified, into the hands of all subsequent holders who are not in the position of *bona fide* purchasers for value and without notice; it furnishes all these distinctively equitable remedies which are so much more efficient in securing the beneficiary's rights than the mere pecuniary recoveries of the law."

Some contention is made by counsel for the defendant rested upon the theory that since Sylvan Paysse was demised a life estate by the residuary clause of the will of his wife, Mary Paysse, he thereby became entitled to the use, even to the extent of consumption, of the personal property so devised to him; and that in any event he was accountable only for the property or the proceeds thereof without increase or interest at the time of his remarriage in May, 1905. The answer to counsel's contentions, in so far as they rest upon this theory, is found in the fact that at that time he had this community property and money or the proceeds thereof, which ultimately became the purchase price of the land and lots here involved. We think the awarding to the plaintiffs of an undivided one-half interest in this property at this time does not result in their acquiring any benefit of profits or income which their father, Sylvan Paysse, might have been entitled to by virtue of his life estate prior to its termination upon his remarriage in May, 1905. Indeed, the evidence warrants the conclusion that there were no profits or income from this property prior to that time.

We are of the opinion that the plaintiffs are the equitable owners of an undivided one-half interest in the lots and land by virtue of their mother's will and the trust resulting from the acquisition of the land by their father, Sylvan Paysse, with funds traceable from the community estate of himself and former wife, Mary Paysse; and that the plaintiffs are also the owners of an undivided two-thirds of their father's undivided one-half interest in the lots, of which he died seized as his separate property, by inheritance from him under Rem. & Bal. Code § 1341 (P. C. 409 § 637). This is the result of and evidently the theory upon which the trial court rendered its decision.

The judgment is affirmed. Both appeals being unsuccessful, neither party will recover costs in this court.

MORRIS, C. J., HOLCOMB, FULLERTON, ELLIS, and MAIN, JJ., concur.